ADRIANO L. MARTINEZ, Cal. Bar No. 237152
ELIZABETH B. FORSYTH, Cal. Bar No. 288311
Earthjustice
800 Wilshire Blvd, Suite 1010
Los Angeles, CA 90017
amartinez@earthjustice.org
eforsyth@earthjustice.org
Tel: 415-217-2000/Fax: 415-217-2040

*Attorneys for Plaintiffs Sierra Club*
*and Physicians for Social Responsibility – Los Angeles*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIERRA CLUB and PHYSICIANS FOR SOCIAL RESPONSIBILITY – LOS ANGELES, | Case No: 2:15-cv-3798 |
| Plaintiffs, | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| v. | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; GINA MCCARTHY, in her official capacity as Administrator of the United States Environmental Protection Agency; and JARED BLUMENFELD, in his official capacity as Regional Administrator of the United States Environmental Protection Agency, | (Clean Air Act, 42 U.S.C. §§ 7401 *et seq.*) |
| Defendants. | |

COMPLAINT

**INTRODUCTION**

1.        One of the most dangerous forms of air pollution is fine particulate matter pollution. Fine particulate matter pollution consists of tiny, dirty particles that come from sources like diesel exhaust, agricultural activities, and heavy industry. These tiny particles can be easily inhaled and lodged deep into the lungs and even absorbed into the bloodstream where they can cause a host of negative health impacts.

2.        Under the Clean Air Act, the Environmental Protection Agency (EPA) sets national health based standards for the amount of fine particulate matter pollution that can be in the air. To meet these standards, the Clean Air Act requires states to submit attainment plans to EPA, and gives EPA a limited time period to approve or disapprove these plans.

3.        One of the most polluted areas of the country for fine particulate matter pollution is California's South Coast air basin (South Coast). The degraded state of the South Coast's air means that South Coast residents suffer from high levels of asthma and other health ailments.

4.        On February 13, 2013, the California Air Resources Board submitted the South Coast's 2012 Air Quality Management Plan for meeting EPA's 2006 standard for fine particulate matter pollution for the South Coast. Under the Clean Air Act, EPA had 18 months, or until August 13, 2014, to approve, disapprove, or approve in part and disapprove in part the plan.

5.        EPA has failed to complete its nondiscretionary duty to act on the South Coast's 2012 fine particulate matter Air Quality Management Plan. This is an action to compel the Administrator of the EPA to fulfill this mandatory duty under the Clean Air Act, to ensure that Plaintiffs' members receive the pollution protections that the Clean Air Act requires.

**JURISDICTION AND VENUE**

6.        The instant action arises under the Clean Air Act, 42 U.S.C. §§ 7401 *et seq*. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 7604 and 28 U.S.C. §§ 1331 and 1361. The relief requested by Plaintiffs is authorized pursuant to 42 U.S.C. § 7604 and 28 U.S.C. §§ 2201, 2202, and 1361.

7.        In accordance with 42 U.S.C. § 7604(b)(2) and 40 C.F.R. Part 54, Plaintiffs notified the Administrator of the violations alleged herein, and of Plaintiffs' intent to initiate the present

action. This notice was provided via certified mail on March 12, 2015, and addressed to the Administrator. More than 60 days have passed since notice was served, and the violations complained of are continuing.

8.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) since: (i) a substantial part of the events and omissions giving rise to this claim have occurred in this district because the South Coast's 2012 Fine Particulate Matter Air Quality Management Plan was prepared in this district and the air quality impacts governed by the Plan will be felt by this district; and (ii) Plaintiff Physicians for Social Responsibility-Los Angeles resides in this district.

**PARTIES**

9.  Plaintiff Sierra Club, a corporation organized and existing under the laws of the State of California, is a national nonprofit organization of approximately 630,000 members, roughly 147,000 of whom live in California. The Sierra Club is dedicated to exploring, enjoying, and protecting the wild places of the earth; to practicing and promoting the responsible use of the earth's ecosystems and resources; to educating and encouraging humanity to protect and restore the quality of the natural and human environment; and to using all lawful means to carry out these objectives.

10.  Plaintiff Physicians for Social Responsibility – Los Angeles, a corporation organized and existing under the laws of the State of California, is a California nonprofit organization dedicated to advocating for policies and practices that improve public health, eliminate environmental threats, and address health inequalities.

11.  Plaintiffs' members live, work, recreate and conduct other activities in areas where their health and welfare are adversely affected or threatened by fine particulate matter pollution.

12.  The acts and omissions of EPA complained of herein cause injury to Plaintiffs and their members by delaying finalization of the South Coast's 2012 Fine Particulate Matter Air Quality Management Plan to comply with fine particulate matter standards. This delay injures Plaintiffs' members by allowing air quality conditions to persist that impair or threaten members' health and welfare, and by nullifying or delaying measures mandated by the Act to protect members' health and welfare from fine particulate matter pollution. The health, recreational, aesthetic, and environmental

interests of Plaintiffs' members have been and continue to be adversely affected by the acts and omissions of EPA.

13.     For all the foregoing reasons, the failures complained of herein cause Plaintiffs and their members injuries for which they have no adequate remedy at law. Granting the requested relief would redress these injuries.

14.     Defendant EPA is the federal agency charged with implementation of the Clean Air Act.

15.     Defendant Gina McCarthy is the Administrator of EPA, and is responsible for implementation and enforcement of the Clean Air Act. Defendant McCarthy is sued in her official capacity, and officially resides in Washington, D.C.

16.     Defendant Jared Blumenfeld is the Regional Administrator of EPA for the Pacific Southwest (Region 9), and is responsible for implementation and enforcement of the Clean Air Act within California. Defendant Blumenfeld is sued in his official capacity, and officially resides in San Francisco, CA.

## BACKGROUND AND FACTS

### PM2.5 Pollution

17.     Particulate matter pollution, or PM, refers to particles suspended in the air. Particles less than 10 micrometers in diameter (PM10) pose a health threat because they are respirable, and are regulated under the Clean Air Act.

18.     Particles less than 2.5 micrometers (PM2.5 or fine particulate matter) are considered by EPA to pose the greatest health risks. Finer particles are typically composed of more toxic materials, like heavy metals and carcinogenic organic compounds, than larger particles. And these tiny particles—less than 1/30 the width of a human hair—can be easily inhaled deep into the lungs, where they can remain embedded or absorbed into the bloodstream. These lighter particles also stay in the air longer and travel further than larger particles; whereas larger particles can stay in the air for minutes or hours and travel up to thirty miles, PM2.5 can stay in the air for days or weeks and travel hundreds of miles.

19.     According to EPA, exposure to PM2.5 has been linked to premature death, heart attacks, irregular heartbeat, aggravated asthma, decreased lung function, and increased respiratory symptoms. Many of these impacts are suffered most acutely by our most vulnerable, including people with heart or lung disease, children, and the elderly.

20.     PM2.5 also adversely impacts wildlife and ecosystems. Numerous studies have linked negative health effects in animals with high concentrations of numerous fine particle components. As EPA has explained, the impacts of PM2.5 on terrestrial ecosystems are "profound and adverse." Compounds associated with PM2.5 change the nutrient and acidifying characteristics of water bodies and soil, increasing plant mortality and decreasing ecosystem biodiversity. Moreover, PM2.5 adversely affects the visibility and aesthetics of our natural surroundings by contributing to visibility impairment.

21.     One of the most polluted areas in the country for PM2.5 is California's South Coast air basin. This area is particularly burdened by PM2.5 sources like cars, trucks, and heavy industry, and air pollution is trapped in place by surrounding mountains. As a result, people living in the South Coast suffer from high rates of asthma and other health ailments and experience regular impairment of natural visibility. The wildlife and ecosystems in the South Coast is also adversely affected by the ongoing PM2.5 violations.

**The Clean Air Act's Requirements for PM2.5**

22.     The Clean Air Act establishes a comprehensive scheme "to protect and enhance the quality of the Nation's air resources so as to promote the public health and welfare and the productive capacity of its population." 42 U.S.C. § 7401(b)(1).

23.     As one of its central features, the Clean Air Act requires the Administrator of EPA to set national ambient air quality standards for certain air pollutants, including particulate matter, at a level "requisite to protect the public health" with "an adequate margin of safety." 42 U.S.C. § 7409(b)(1). EPA is required to designate those areas failing to meet these standards as "nonattainment" areas. 42 U.S.C. § 7407.

24.     The Clean Air Act requires that areas designated as nonattainment for particulate matter submit an attainment plan to EPA within 18 months of designation as nonattainment. 42

1    U.S.C. § 7513a(a)(2). The plan must include a permit program for new sources of particulate matter;

2    a demonstration that the plan will provide for attainment by the applicable attainment date; and a

3    provision assuring that reasonably available control measures are implemented. 42 U.S.C.

4    § 7513a(a)(1).

5        25.        Once a plan is submitted to EPA, EPA has six months to determine whether the plan

6    is complete.  Failure by EPA to deem the plan complete within those six months renders the plan

7    complete by operation of law.  Within twelve months from the completeness finding, EPA must

8    approve the plan, disapprove the plan, or approve the plan in part and disapprove in part. 42 U.S.C.

9    § 7410(k)(1)(B), (k)(2).

10       26.        The design of the Clean Air Act thus ensures that the areas of the country out of

11   attainment with PM2.5 standards make progress towards cleaning up the air by having in place a

12   federally-approved plan to meet Clean Air Act goals.

13                    **EPA's Duty to Take Action on the 2012 PM2.5 Plan for South Coast**

14       27.        In 2006, EPA revised the NAAQS for fine particulate matter, setting a 35 $\mu g/m^3$ 24-

15   hour standard for PM2.5. 71 Fed. Reg. 61144 (Oct. 17, 2006); 40 C.F.R. § 50.13.

16       28.        Effective December 14, 2009, EPA designated the South Coast as a nonattainment

17   area for this standard. 74 Fed. Reg. 58,688 (Nov. 13, 2009); 40 C.F.R. § 81.305.

18       29.        On February 13, 2013, the California Air Resources Board submitted the South

19   Coast's 2012 Air Quality Management Plan to EPA. *See* Submittal from Mary Nichols to Jared

20   Blumenfeld (Feb. 13, 2013), *available at* http://www.arb.ca.gov/planning/sip/planarea/scabsip/2012

21   %20AQMP%20Submittal%20Letter%20to%20U.S.%20EPA.pdf. Because EPA never determined

22   whether the South Coast's Plan was complete, it became complete by operation of law on August 13,

23   2014.

24       30.        Pursuant to CAA section 110(k), EPA then had 12 months, or until August 13, 2014,

25   to approve the plan, disapprove the plan, or approve in part and disapprove in part. 42 U.S.C. §

26   7410(k)(1)(B), (k)(2).

27

28

COMPLAINT                                                                                    6

31.     To date, EPA has failed to complete its nondiscretionary duty to approve, disapprove, or approve in part and disapprove in part the South Coast's 2012 Fine Particulate Matter Air Quality Management Plan.

## CLAIM FOR RELIEF
### (Failure to Act on the South Coast's 2012 Fine Particulate Matter Air Quality Management Plan by the Deadline)

32.     Plaintiffs hereby incorporate all previous paragraphs by reference.

33.     Defendants have failed to fulfill their mandatory duty under 42 U.S.C. § 7410(k)(1)(B), (k)(2) to approve, disapprove, or approve in part and disapprove in part the South Coast's 2012 Fine Particulate Matter Air Quality Management Plan by August 13, 2014.

34.     Defendants' failure to timely complete this duty constitutes failure to perform an act or duty that is not discretionary within the meaning of 42 U.S.C. § 7604(a)(2).

35.     Defendants' failure to perform this nondiscretionary duty is ongoing. Plaintiffs are informed and believe that the omissions complained of herein will continue unless enjoined by order of this Court.

36.     Accordingly, Plaintiffs are entitled to an order from this Court declaring that Defendants have failed to perform the above-referenced nondiscretionary duty, and directing Defendants to perform such duty immediately.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request that the Court:

(A)     Declare that Defendants' failure to act as complained of herein constitutes a failure to perform a nondiscretionary duty required by 42 U.S.C. § 7410(k)(1)(B), (k)(2), and within the meaning of 42 U.S.C. § 7604(a)(2);

(B)     Issue a mandatory injunction requiring EPA to immediately perform its mandatory duty;

(C)     Retain jurisdiction over this action to ensure compliance with the Court's orders;

(D)     Award Plaintiffs their reasonable costs of litigation, including attorneys' fees, pursuant to 42 U.S.C. § 7604(d); and

COMPLAINT                                                                                                    7

1        (E)     Grant such other relief as the Court deems just and proper.

2

3   DATED: May 20, 2015          Respectfully submitted,

4

5             /s/Adriano L. Martinez
          ADRIANO L. MARTINEZ, Cal. Bar No. 237152
6             ELIZABETH B. FORSYTH, Cal. Bar No. 288311
          Earthjustice
7             800 Wilshire Blvd, Suite 1000
          Los Angeles, CA 90017
8             amartinez@earthjustice.org
          eforsyth@earthjustice.org
9             Tel: 415-217-2000/Fax: 415-217-2040

10            *Attorneys for Plaintiffs*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT          8