JOHN C. CRUDEN
Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice
LESLIE M. HILL (D.C. Bar No. 476008)
Leslie.Hill@usdoj.gov
Environmental Defense Section
601 D Street N.W., Suite 8000
Washington D.C.  20004
Tel. (202) 514-0375
Fax (202) 514-8865

Attorneys for Defendant

[additional counsel listed on signature page]

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| SIERRA CLUB, et al.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.<br><br>Defendants. | Case No. 2:15-cv-3798-ODW (ASx)<br><br>[PROPOSED] CONSENT DECREE |

WHEREAS, on May 20, 2015, Plaintiffs Sierra Club and Physicians For Social Responsibility – Los Angeles ("Plaintiffs") filed the above-captioned matter against the United States Environmental Protection Agency, Gina McCarthy, in her official capacity as Administrator of the United States Environmental Protection Agency, and Jared Blumenfeld, in his official capacity as Regional Administrator of the United States Environmental Protection Agency, Region IX (collectively, "EPA" or "Defendant");

1    WHEREAS, Plaintiffs allege that EPA has failed to undertake certain non-
2 discretionary duties under the Clean Air Act ("CAA"), 42 U.S.C. §§ 7401-7671q, and
3 that such alleged failure is actionable under section 304(a)(2) of the CAA, 42 U.S.C. §
4 7604(a)(2);
5    WHEREAS, section 110(a)(1) of the CAA, 42 U.S.C. § 7410(a)(1), requires
6 States to adopt and submit to EPA for review State implementation plans ("SIP"), which
7 establish specific control measures and other requirements that apply to particular sources
8 of air pollution within a State and are designed to attain, maintain, and enforce National
9 Ambient Air Quality Standards ("NAAQS") established by EPA that specify the
10 maximum permissible concentrations for those pollutants in the ambient air, *see* 42
11 U.S.C. §§ 7408, 7409;
12    WHEREAS, Plaintiffs allege that EPA has failed to perform a duty mandated by
13 CAA section 110(k)(2)-(4), 42 U.S.C. § 7410(k)(2)-(4), to take final action to approve or
14 disapprove, in whole or in part, the portions of the South Coast Air Quality Management
15 District's Final 2012 Air Quality Management Plan that address attainment of the 2006
16 fine particulate matter ("$PM_{2.5}$") NAAQS, which California submitted to EPA on
17 February 13, 2013 (the "2012 $PM_{2.5}$ Plan"), *see* Compl. ¶¶ 33-34;
18    WHEREAS, the relief requested in the Complaint includes, among other things,
19 an order from this Court to establish a date certain by which EPA must fulfill its
20 obligation;
21    WHEREAS, Plaintiffs and EPA have agreed to a settlement of this action without
22 admission of any issue of fact or law, except as expressly provided herein;
23    WHEREAS, Plaintiffs and EPA, by entering into this Consent Decree, do not
24 waive or limit any claim, remedy, or defense, on any grounds, related to any final EPA
25 action;
26    WHEREAS, Plaintiffs and EPA consider this Consent Decree to be an adequate
27 and equitable resolution of all the claims in this matter and therefore wish to effectuate a
28 settlement;

WHEREAS, it is in the interest of the public, Plaintiffs, EPA, and judicial economy to resolve this matter without protracted litigation;

WHEREAS, Plaintiffs and EPA agree that this Court has jurisdiction over this matter pursuant to the citizen suit provision in CAA section 304(a)(2), 42 U.S.C. § 7604(a)(2), and that venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(e);

WHEREAS, the Court, by entering this Consent Decree, finds that the Consent Decree is fair, reasonable, in the public interest, and consistent with the Clean Air Act;

NOW THEREFORE, before the taking of testimony, without trial or determination of any issues of fact or law, and upon the consent of Plaintiffs and EPA, it is hereby ordered, adjudged and decreed that:

1. EPA shall sign a notice or notices of final rulemaking to approve, disapprove, or conditionally approve, in whole or in part, the 2012 $PM_{2.5}$ Plan pursuant to section 110(k)(2)-(4) of the CAA, 42 U.S.C. § 7410(k)(2)-(4), no later than March 15, 2016.

2. If California withdraws the 2012 $PM_{2.5}$ Plan or any portion thereof, then EPA's obligation to take the action required by Paragraph 1 with respect to such withdrawn portions is automatically terminated.

3. EPA shall, within 15 business days after signature, deliver notice of each action taken pursuant to Paragraph 1 of this Consent Decree to the Office of the Federal Register for review and publication.

4. After EPA has completed the actions set forth in Paragraph 1 of this Consent Decree and after notice of each final action required by Paragraph 1 has been published in the Federal Register and the issue of costs of litigation, including reasonable attorneys fees has been resolved, EPA may move to have this Decree terminated and the action dismissed. Plaintiffs shall have fourteen (14) days in which to respond to such a motion, unless the parties stipulate to a longer time for Plaintiffs to respond.

5. The deadlines established by this Consent Decree may be extended (a) by written stipulation of Plaintiffs and EPA with notice to the Court, or (b) by the Court

upon motion of EPA for good cause shown pursuant to the Federal Rules of Civil Procedure and upon consideration of any response by Plaintiffs and any reply by EPA.

6. If a lapse in appropriations occurs within one hundred and twenty (120) days prior to the deadline in Paragraph 1 in this Decree, that deadline shall be extended automatically one day for each day of the lapse in appropriations. Nothing in this paragraph shall preclude EPA from seeking additional time pursuant to Paragraph 5.

7. Plaintiffs and EPA agree that this Consent Decree shall constitute a complete and final settlement of all claims that Plaintiffs have asserted against the United States, including EPA, under any provision of law in connection with *Sierra Club v EPA*, Case No. 2:15-cv-3798-ODW (ASx) (C.D. Cal.). Plaintiffs therefore discharge and covenant not to sue the United States, including EPA, for any such claims.

8. In the event of a dispute between Plaintiffs and EPA concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing party shall provide the other party with a written notice outlining the nature of the dispute and requesting informal negotiations. These parties shall meet and confer in order to attempt to resolve the dispute. If these parties are unable to resolve the dispute within ten (10) business days after receipt of the notice, either party may petition the Court to resolve the dispute.

9. No motion seeking to enforce this Consent Decree or for contempt of Court shall be properly filed unless the procedure set forth in Paragraph 8 has been followed, and the non-moving party has been provided with written notice at least ten (10) business days before the filing of such motion.

10. The deadline for filing a motion for costs of litigation (including reasonable attorney fees) for activities performed prior to entry of the Consent Decree is hereby extended until ninety (90) days after this Consent Decree is entered by the Court. During this period, the Parties shall seek to resolve informally any claim for costs of litigation (including reasonable attorney fees), and if they cannot, Plaintiffs will file a motion for

costs of litigation (including reasonable attorney fees) or a stipulation or motion to extend the deadline to file such a motion. EPA reserves the right to oppose any such request.

11. This Court shall retain jurisdiction over this matter to enforce the terms of this Consent Decree and to consider any requests for costs of litigation, including reasonable attorney fees.

12. Nothing in the terms of this Consent Decree shall be construed (a) to confer upon this Court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Courts of Appeals under CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1), including final action pursuant to section 110(k) of the CAA, 42 U.S.C. § 7410(k), approving, disapproving, or approving in part and disapproving in part a SIP submittal or (b) to waive any claims, remedies, or defenses that the parties may have under CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1).

13. Nothing in this Consent Decree shall be construed to limit or modify any discretion accorded EPA by the Clean Air Act or by general principles of administrative law in taking the actions which are the subject of this Consent Decree, including the discretion to alter, amend, or revise any final actions promulgated pursuant to this Consent Decree. EPA's obligation to perform each action specified in this Consent Decree does not constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

14. Except as expressly provided herein, nothing in this Consent Decree shall be construed as an admission of any issue of fact or law nor to waive or limit any claim, remedy, or defense, on any grounds, related to any final action EPA takes with respect to the actions addressed in this Consent Decree.

15. Plaintiffs reserve the right to seek additional costs of litigation, including reasonable attorney fees, incurred subsequent to entry of this Consent Decree and arising from Plaintiffs' need to enforce or defend against efforts to modify its terms or the underlying schedule outlined herein, or for any other unforeseen continuation of this

action. EPA reserves the right to oppose any such request for additional costs of litigation, including reasonable attorney fees.

16. It is hereby expressly understood and agreed that this Consent Decree was jointly drafted by Plaintiffs and EPA. Accordingly, the parties hereby agree that any and all rules of construction to the effect that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Consent Decree.

17. The parties agree and acknowledge that before this Consent Decree can be finalized and entered by the Court, EPA must provide notice of this Consent Decree in the Federal Register and an opportunity for public comment pursuant to CAA section 113(g), 42 U.S.C. § 7413(g). After this Consent Decree has undergone notice and comment, the Administrator and/or the Attorney General, as appropriate, shall promptly consider any written comments in determining whether to withdraw or withhold their consent to the Consent Decree, in accordance with CAA section 113(g). If the Administrator and/or the Attorney General do not elect to withdraw or withhold consent, EPA shall promptly file a motion that requests that the Court enter this Consent Decree.

18. Any notices required or provided for by this Consent Decree shall be in writing, via electronic mail, and sent to the following (or to any new address of counsel as filed and listed in the docket of the above-captioned matter, at a future date):

<u>For Plaintiffs Sierra Club and Physicians For Social Responsibility – Los Angeles</u>:

>ADRIANO L. MARTINEZ
>ELIZABETH FORSYTH
>ANGELA JOHNSON MESZAROS
>EARTHJUSTICE
>800 Wilshire Blvd.
>Suite 1000
>Los Angeles, CA 90017
>Tel. (415) 217-2000
>Email: amartinez@earthjustice.org
>eforsyth@earthjustice.org
>ameszaros@earthjustice.org

For Defendant EPA:    Leslie M. Hill
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
601 D Street N.W., Suite 8000
Washington D.C.  20004
Tel. (202) 514-0375
Email: Leslie.Hill@usdoj.gov

19.  EPA and Plaintiffs recognize and acknowledge that the obligations imposed upon EPA under this Consent Decree can only be undertaken using appropriated funds legally available for such purpose.  No provision of this Consent Decree shall be interpreted as or constitute a commitment or requirement that the United States obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

20.  If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of either party and the terms of the proposed Consent Decree may not be used as evidence in any litigation between the parties.

21.  The undersigned representatives of Plaintiffs Sierra Club and Physicians For Social Responsibility – Los Angeles and Defendant EPA certify that they are fully authorized by the party they represent to consent to the Court's entry of the terms and conditions of this Decree.

SO ORDERED on this __14th__ day of _____March_____, 2015.

OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE

//

COUNSEL FOR PLAINTIFFS:

/s/ Elizabeth Forsyth (email authorization 8/31/15)
ADRIANO L MARTINEZ
ANGELA JOHNSON MESZAROS
ELIZEBETH FORSYTH
EARTHJUSTICE
800 Wilshire Blvd.
Suite 1000
Los Angeles, CA 90017
Tel. (415) 217-2000
Email: amartinez@earthjustice.org
eforsyth@earthjustice.org
ameszaros@earthjustice.org

*Attorneys for Plaintiffs Sierra Club and Physicians For Social Responsibility – Los Angeles*

COUNSEL FOR DEFENDANT:

JOHN C. CRUDEN
Assistant Attorney General
Environment & Natural Resources Division

/s/ Leslie M. Hill
LESLIE M. HILL (D.C. Bar No. 476008)
Environmental Defense Section
601 D Street N.W., Suite 8000
Washington D.C. 20004
Tel. (202) 514-0375
Email: Leslie.Hill@usdoj.gov

*Attorneys for Defendant EPA*

Of counsel:

Geoffrey L. Wilcox
Office of General Counsel
Jeanhee Hong
Assistant Regional Counsel, Region IX
U.S. Environmental Protection Agency